## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| **MONTEREY MUSHROOMS, INC., a California corporation,** | **Case No.:** |
| **Plaintiff,** | |
| **vs.** | |
| **KARMJIT SALH, an individual, and BALJIT SINGH NANDA, an individual,** | |
| **Defendants.** | |

## CIVIL ACTION COMPLAINT

For its Complaint, Plaintiff respectfully states as follows:

### THE PARTIES

1.      Plaintiff is Monterey Mushrooms, Inc. ("Monterey Mushrooms"), a California corporation with its principal place of business located at 777 Maher Court, Watsonville, California.

2.      Plaintiff is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "Produce") in interstate commerce.

3.      Defendants are:

a) Karmjit Salh ("Salh")  an individual.  Upon information and belief, Salh is the President of the Rakhra Mushroom Farm, Corp. dba Oregon Trails Mushroom Farm (the "Debtor" or "Rakhra Mushroom"), and in that capacity controlled or was in a position to control the assets of the Debtor.  Upon information and belief, Salh is a resident of Aurora, Colorado.

b) Baljit Singh Nanda  ("Nanda") an individual.  Upon information and belief, Nanda is the Secretary of the Debtor, and in that capacity controlled or was in a position to control the assets of the Debtor.  Upon information and belief, Nanda is a resident of Lone Tree, Colorado.

4.      Salh and Nanda will be collectively referred to as "Defendants." Salh and Nanda will be collectively at times referred to as the "Principals."

## JURISDICTION AND VENUE

5.      The District Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§1331 and 1332.  The Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

6.     Venue in this District is based on 28 U.S.C. §1391 because the Defendants reside in this District, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## BACKGROUND FACTS

7.     At all times relevant to this action, Rakhra Mushroom was a commission merchant, dealer or broker operating subject to the provisions of the Perishable Agricultural Commodities Act, 1930, 7 U.S.C. §§499a-499q (the "PACA").

8.     On February 11, 2007, Plaintiff sold to Rakhra Mushroom in interstate commerce, and Rakhra Mushroom purchased from Plaintiff, Produce in the total amount of $14,000.

9.     Plaintiff delivered the produce to Rakhra Mushroom and Rakhra Mushroom accepted the Produce from Plaintiff.

10.     Pursuant to PACA, 7 U.S.C. §499e(c), at the time of Rakhra Mushroom's receipt of the Produce, Rakhra Mushroom became trustee of the PACA trust for the benefit of Plaintiff in the amount of $14,000. The PACA trust consists of all Rakhra Mushroom's inventories of perishable agricultural commodities ("Produce"), food or products derived from Produce ("Products"), accounts receivable and other proceeds of the sale of Produce or Products, and

assets commingled or purchased or otherwise acquired with proceeds of such Produce or Products (assets subject to the PACA Trust are hereinafter referred to as "PACA Trust Assets")

11.     Plaintiff gave written notice of intent to preserve trust benefits to Rakhra Mushroom in accordance with the PACA Amendments of 1995 by including the statutory trust language, as set forth in 7 U.S.C. §499e(c)(4), on each of its invoices and by sending those invoices to Rakhra Mushroom.

12.     Rakhra Mushroom has ceased its business operations and has failed to pay for the Produce, despite Plaintiff's repeated demands.  Such failure to pay constitutes a violation of the PACA, 7 U.S.C. §499b(4).

13.     Pursuant to PACA 7 U.S.C. §499e(c), Plaintiff is an unpaid supplier and seller of Produce, and is entitled to PACA trust protection and payment from Rakhra Mushroom's PACA Trust Assets.

14.     Plaintiff seeks the entry of an Order declaring that it is a PACA trust beneficiary of Rakhra Mushroom with a valid PACA trust claim in the amount of $14,000, plus interest from the date each invoice became past due, costs and attorneys' fees.

## CLAIMS FOR RELIEF

## COUNT I.

### THE PRINCIPALS SALH AND NANDA

### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

15.    Plaintiff re-alleges ¶¶ 1 through 38 as if stated herein.

16.    At all times relevant to this action, the Principals were officers, directors, shareholders or employees of Rakhra Mushroom.

17.    As the Principals of Rakhra Mushroom, Salh and Nanda had a duty to ensure that Rakhra Mushroom fulfilled its duties as a PACA trustee, and maintained PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient Trust Assets available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as they became due.

18.    The Principals had full knowledge and responsibility for the handling of Rakhra Mushroom's duties as trustee of the PACA trust.

19.    The Principals controlled or had a duty to control Rakhra Mushroom's operations and financial dealings, including those involving the PACA Trust Assets.

20.    Rakhra Mushroom breached its fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

21.    The Principals breached their respective fiduciary duties to direct Rakhra Mushroom to fulfill its duties as PACA trustee to preserve and maintain sufficient PACA Trust Assets to pay Plaintiff for the Produce supplied by it to Rakhra Mushroom.

22.    As a direct result of the  Principals' respective breaches of fiduciary duty, the Plaintiff has incurred damages in the amount of $14,000, plus interest from the date each invoice became past due, costs and attorneys' fees.

23.    The Principals are personally liable to Plaintiff for their respective breaches of fiduciary duty in dissipating the PACA trust to the extent of $14,000 plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

24.    Accordingly, Plaintiff seeks entry of an Order entering judgment in favor of Plaintiff and against the Principals Salh and Nanda -- jointly and severally -- in the amount of $14,000, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

## COUNT II.

## DEFENDANTS SALH AND NANDA

## CONVERSION AND UNLAWFUL RETENTION OF PACA TRUST ASSETS

25.     Plaintiff re-alleges ¶¶ 1 through 24 as if stated herein.

26.     Upon information and belief, Rakhra Mushroom transferred PACA Trust Assets to one or more of the Principals.

27.     These transfers of PACA Trust Assets were made in breach of the PACA trust.

28.     The Principals continue to hold any and all PACA Trust Assets having come into their respective individual possession as trustees for Plaintiff's beneficial interest in the PACA Trust.

29.     As a direct result of Principals' receipt and retention of PACA Trust Assets, the Plaintiff has incurred damages in the amount of $14,000, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets.

30.     Accordingly, Plaintiff seeks entry of an Order requiring the Principals to disgorge and transfer any and all PACA Trust Assets that come into their possession and control to Plaintiff to the extent of $14,000, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive

damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

**FOR THESE REASONS,** Plaintiff respectfully requests the entry of an Order providing as follows:

A)  As to Count I, entering judgment in favor of Plaintiff and against the Principals Salh and Nanda -- jointly and severally -- in the amount of $14,000, plus interest from the date each invoice became past due, costs and attorneys' fees, less any monies Plaintiff receives from the PACA Trust Assets;

B)  As to Count II, requiring the Defendants Salh and Nanda to disgorge and transfer any and all PACA Trust Assets that came into their possession and control to Plaintiff in the amount of $14,000, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets; and

C)  Providing such other and further relief as the Court deems appropriate upon consideration of this matter.

Respectfully submitted on Friday, May 16, 2008.

                    /s/ Katy Koestner Esquivel

**MEUERS LAW FIRM, P.L.**

Katy Koestner Esquivel, Esq.

Florida Bar No. 0159484

Illinois Bar No. 6270092

5395 Park Central Court

Naples, Florida   34109-5932

Telephone: (239) 513-9191

Facsimile:  (239) 513-9677

kesquivel@meuerslawfirm.com